OPINION
In this accelerated calendar case, defendant-appellant Adam W. Raphael appeals from the Lake County Court of Common Pleas judgment imposing the maximum sentence for the commission of a fourth degree felony.
On July 14, 1998, Raphael was indicted on four counts; Grand Theft, a felony of the fourth degree, in violation of R.C.2913.02 (theft of property valued in excess of $5,000 but less than $100,000); Breaking and Entering, a felony of the fifth degree, in violation of R.C. 2911.13; and two counts of Possessing Criminal Tools, felonies of the fifth degree, in violation of R.C.2923.24. Appellant pled "not guilty" to all the charges and the case was set for trial.
On October 9, 1998, Raphael withdrew his former not guilty plea and entered a plea of guilty to the first count, Grand Theft, carrying a maximum potential prison term of eighteen months. The remaining charges were dismissed. The court accepted the plea, referred Raphael to the probation department for a pre-sentence report, and ordered a victim impact statement.
The following facts are relevant to this appeal. On January 30, 1998, Raphael stole tools and equipment valued at approximately $30,000 from a company called AD Automotive. The company was owned by a longtime, close friend of Raphael, Dale Garrett, and his wife Diane Garrett. The Garretts' had invested all their money in this business and devoted most of their time to developing and maintaining it. As a direct result of the loss of the equipment, the Garretts' business folded, destroying their livelihood, and they went into debt. The court indicated the Garretts would probably be forced to declare bankruptcy as a result of their loss.
Prior to this conviction, Raphael had adult convictions for larceny (twice), auto theft, unauthorized use of a vehicle, and a DUI in 1997. He served a concurrent prison term for three of the theft offenses. He was released from prison in 1996. As a result of the DUI conviction in 1997, he was ordered to complete an intensive outpatient program at the Lake/Geauga Center for Alcohol and Drug Abuse. On the night he committed this offense, January 30, 1998, Raphael admittedly consumed alcohol. Raphael also tested positive for cocaine at his referral to the probation department in this case, and his bond was consequently revoked.
The sentencing hearing was held on November 6, 1998. At the beginning of the hearing the court stated it had reviewed the statutes under Senate Bills 2 and 269, R.C. 2951.02, R.C. 2929.11
and other related sections, the factors involved, the presentence report, the recommendation of the probation department, letters from the victims, and letters from the defendant's friends. The victim, Dale Garrett, was present and made a statement wherein he expressed the devastating impact the loss of his business has had on his family.
Prior to imposing the maximum sentence of eighteen months, the court recited its findings with respect to aggravating factors justifying the imposition of the sentence. The court found the following: the victims suffered serious economic loss, that Raphael had taken "everything that couple has"; that the victims would probably have to file for bankruptcy; that Raphael was a friend of the victim, the victim had hired Raphael, and that Raphael exploited this relationship to commit the offense; that based on Raphael's criminal history and pattern of drug abuse, in particular the positive cocaine test at his referral, Raphael poses the greatest likelihood of recidivism; and that based on the impact to the victims, Raphael had committed the worst form of the offense. The court then imposed the sentence.
From this judgment, Raphael timely filed notice of appeal, assigning the following error:
 "The trial court erred to the prejudice of the Appellant when it sentenced the Appellant to the maximum term of eighteen months for the offense of Grand Theft, a felony of the fourth degree."
Pursuant to R.C. 2953.08, which governs appeals from felony sentences, our review is de novo. In relevant part, R.C. 2953.08(G) provides a reviewing court may modify a fourth degree felony sentence if it finds by clear and convincing evidence one of the following: (a) that the record does not support the sentence; (b) that the offense is subject to R.C. 2929.13(B) for purposes of sentencing, that the court did not specify it found one or more of the factors in section (B)(1),(a) to (h), as applying to the defendant, and that the procedures for imposing a prison term by section (B) were not followed, or they were followed but there was an insufficient basis for imposing the prison term; or (d), that the sentence was otherwise contrary to law.
Of the factors enumerated in R.C. 2929.13(B)(1), (a) to (h), which a court must consider when sentencing a defendant for a fourth degree felony, the court specified that it found factor (g), previous incarceration in prison. Raphael does not dispute that upon making this finding the court followed the appropriate procedures in determining to impose a prison sentence. He does not claim that no prison time should have been imposed at all. Nor does he claim the court failed, in accordance with R.C.2929.12 and R.C. 2929.14, to state for the record its findings of fact and conclusions of law, as required when imposing the maximum sentence. See State v. Kase (Sept. 25, 1998), Ashtabula App. No. 97-A-0083, unreported. Rather, it is his contention that the facts cited by the court in support of the sentence did not establish the necessary criteria supporting the imposition of the maximum sentence. R.C. 2929.14(C) limits the discretion of courts to impose a maximum sentence to imposing it only on defendants who fall into one of the four following categories: 1) those who committed the worst form of the offense; 2) those who pose the greatest likelihood of committing future crimes; 3) upon certain major drug offenders; 4) upon certain repeat violent offenders. In the present case, the court found the defendant fit into both the first and second category.
First, Raphael contends the facts of the case do not establish that this was the "worst form of the crime." Statutory law does not, nor can it, exactly define the "worst form of the offense." To determine whether an offender committed the worst form of an offense, the trial court should consider the totality of the circumstances. State v. Garrard (1997), 124 Ohio App.3d 718. Additionally, R.C. 2929.12 provides a non-exclusive list of factors to consider in determining whether the defendant committed the worst form of the offense and also whether the defendant is likely to be a repeat offender. As the state aptly points out, when considering the worst form of a crime, it is imperative the court only consider the specific crime committed. A court cannot compare the worst form of armed robbery or attempted murder with the worst form of grand theft. The court must consider the factors that make the offense more serious, not factors that might result in a more serious offense.
Raphael's contention is that because no physical violence was used in the commission of the crime that this could not be the worst form of the offense. The crime under review is grand theft, a crime against a person vis a vis their property, not to be confused with robbery or aggravated robbery. While a theft under R.C. 2913.02 could be accomplished by threat or intimidation, actual violence would convert the crime to robbery.
On the other hand, the court cited two of the criteria listed in R.C. 2929.12(B) as aggravating circumstances, those being that the victim suffered serious economic harm, and that the offenders relationship with the victim facilitated the offense. There was ample evidence indicating that at least two people's lives were foreseeably devastated by their loss of property. The Garretts' livelihood was destroyed, all the effort put into developing the business went for naught, they were put in debt without their means for generating income, and they faced bankruptcy with its inherent long term consequences. Under these circumstances, we cannot say the evidence clearly and convincingly indicates the court abused its discretion in concluding this was the worst form of the offense.
With respect to the likelihood of recidivism, the court noted at the sentencing hearing that Raphael had adult convictions for "larceny, theft of an auto, larceny, unauthorized use of a vehicle, one year in prison." The pre-sentence report indicated adult convictions for Larceny, Theft from Auto, Larceny from Yards, Complicity (F-3), Unauthorized Use Motor Vehicle. Raphael was sentenced to one year in prison on the latter three offenses, gaining his release in 1996. Raphael's overall record is worse than what the court indicated on the record.
The report further indicates Raphael had DUI convictions in March 1995, November 1995, and December 1996 (after his release from prison). The court noted Raphael had a pattern of drug abuse. The court noted Raphael completed an alcohol and drug rehabilitation program in 1997. The record indicates he had been drinking alcohol on the night he committed the offense. Worse still, while Raphael professed to the probation department and to the court at sentencing that he was sober and serious about "the alcohol program," Raphael tested positive for cocaine at his referral to the probation department for sentencing in this case.
Three of the five factors listed in R.C. 2929.12(D) which a court is to consider when contemplating the likelihood an offender will commit future crimes ((D)(2), (3), and (4)) apply to Raphael. The court cited two of them for the record, the history of criminal convictions, and the pattern of drug and alcohol abuse related to this offense. A court is to consider as mitigating a defendant's admission he has a drug or alcohol problem and any treatment participated in by the defendant. In the present case, the defendant committed the offense while intoxicated and came to his probation referral with cocaine in his system. It is not an abuse of discretion for a court to discount a subsequent profession by the defendant that he is serious about addressing the substance abuse problem.
While only one of the criteria of R.C. 2929.14(C) need be met to impose the maximum sentence, the court stated two grounds for its imposition on the record. The appellant has not met his burden of demonstrating by clear and convincing evidence the trial court abused its discretion in making either finding and finds the appellant's assignment of error to be meritless and affirms the trial court's judgment.
 __________________________________ JUDGE MARY CACIOPPO, Ret., Ninth Appellate District, sitting by assignment.
FORD, P.J., CHRISTLEY, J. concur.